**GENERAL MOTORS CORPORATION,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**No. 15304.**

United States Court of Appeals
Fifth Circuit.

May 13, 1955.

Harry S. Benjamin, Jr., Gen. Motors Corp., Henry M. Hogan, Gen. Counsel, K. Douglas Mann, Atty., Detroit, Mich., Rembert Marshall, Marshall, Greene & Neely, Atlanta, Ga., for petitioner.

Maurice Alexandre, Atty., Owsley Vose, Associate Chief Enforcement Bureau, David P. Findling, Asst. Gen. Counsel, Marcel Mallet-Prevost, Associate Gen., Fannie M. Boyls, Washington, D. C., Atty., National Labor Relations Board, for respondent.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

General Motors Corporation, called General Motors, pursuant to the National Labor Relations Act, 61 Stat. 136, 29 U.S.C.A. § 151 et seq., petitions this court for review of a final order of the National Labor Relations Board, called the Board, which directed it to "cease and desist from committing certain alleged unfair labor practices and further directing Petitioner to reinstate and make whole certain individuals, and to take other affirmative action."

Basing jurisdiction on the alleged fact that petitioner does business in both Florida and Georgia within the Fifth Circuit, the action was brought here in spite of the fact that the petitioner is a Delaware corporation with its plant and the situs of operations out of which the proceeding arises, were all located and took place in the Second Circuit. The points upon which petitioner relies are: (a) erroneous findings of material facts, not supported by substantial evidence; (b) erroneous conclusions of law, based on insufficient facts; (c) the final order is arbitrary, capricious, amounts to an abuse of discretion, and exceeds the powers of respondent; (d) failure to dismiss the complaint of the Union before the Board; and (e) failure to grant certain exceptions to the trial examiner's intermediate report.

The Board in its answer denied the alleged errors and prayed for enforcement.

Reduced to its simplest terms, petitioner simply contends that the Board's findings and conclusions are not supported by substantial evidence.

On July 24, 1953, General Counsel for the Board filed a complaint against General Motors (Cadillac Division) charging violation of Section 8(a) (1) and (3) of the Act. On February 11, preceding, Local Union No. 807, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, called the Union, had filed the original charges, followed by two amendments on May 6, 1953 and July 9, 1953, which together form the basis of the General Counsel's complaint. Specifically, it charged as unfair labor practices the discharge and refusal to reinstate three named employees, because of their union activities, and further that General Motors had improperly interrogated its employees with respect to their union affiliations, threatened them with discharge and other penalties, unless they refrained from joining or promoting the union and in addition had offered economic benefits to induce that course.

On September 14, 1953, General Motors filed before the Board what may be termed a general denial.

At the hearing before the trial examiner the General Counsel, General Motors and the Union were all represented by attorneys, but the Union did not enter a formal appearance.

The facts developed were, that the Union on January 19, 1953, had, by letter, notified petitioner through its New York branch that "the drivers employed * * are now members of" and had selected the Union "as their bargaining agent." Pursuant to its uniform refusal to deal with unions, except after formal certification by the Board, petitioner on June 21 advised the Union that it could not recognize it until it had been selected by a Board-supervised election. On the same day petition was filed with the Board for an election and certification of the Union as representative of the drivers " * * * at 224 W. 57th St., New York City, excluding all other employees and supervisors, * * *." At a conference in the office of the Regional Director on February 4th, at which the Board, Union and petitioner were represented by counsel, the latter insisted that three salaried driver employees should be included with part-time hourly workers who had initiated the movement for representation by the Union. A hearing on the petition for union representation in the manner stated had been set for February 17, but on February 20 the Regional Director ordered that the meeting thus scheduled should be up-set, and "Petitioner's [the Union's] request for withdrawal of its Petition be, and the same hereby is approved * * *." General Motors was advised of this action by the Regional Director on March 4, 1953. In the meantime, the Director notified petitioner of the filing of the unfair labor charges upon which he based the complaint.

The purpose of the non-salaried or part-time hourly drivers in promoting and joining the Union, was to obtain the same benefits enjoyed by the payroll or regular monthly paid employees "such as group insurance, hospitalization, vacation pay", etc. Their position theretofore had been one of standing by to be called at the discretion and on the selection of an employment foreman, one Miannay, and they were paid only for the hours actually worked, as a result of which they were, on many occasions, given work for only three or four days a month.

Petitioner raised preliminarily the issue of jurisdiction, based upon the contention that because it was not served with copies of the charges, the General Counsel had no authority to file nor the Board jurisdiction to consider the same. It cited Section 160(b) of the Act and the Board's rules and regulations, Series 6, as amended (Section 102.14). The Examiner found that the original, first and second amended complaints were served by the Regional Director. We find this is supported by the record (pp. 66–67) and consisted of a notice signed by James A. Jaffee under date of July 24, 1953, in which it is recited that "A copy of the Charge (and Amended Charges) upon which the Complaint is based is (are) attached hereto." Petitioner apparently contends that the complaining parties should have served copies of the charges instead of the Director, but it has been held that since the law makes no specific provision as to how or by whom this notice shall be served, it is sufficient if service is made in time and manner to afford adverse parties a fair hearing. N. L. R. B. v. Wiltse, 6 Cir. 188 F.2d 917, certiorari denied, Ann Arbor Press v. N. L. R. B., 342 U.S. 859, 72 S.Ct. 87, 96 L.Ed. 647.

We hold that the Board correctly found that it had jurisdiction to determine the issues involved.

It would serve no useful purpose to review at length the facts and circumstances with respect to the discharge of the three part-time hourly workers, Monigan, Zappa and DiCaprio, for the foreman and supervisor of the drivers through whom the respondent acted, Miannay, admitted most of the acts with which he was charged—in the nature of interrogations, inducements, rewards, etc., to these employees and others for refraining from joining the union. He simply denied the

purpose to interfere with union activities. All of the acts complained of were committed by Miannay but when the time came to reduce operating force, the sole authority was committed to him to determine who should be discharged. He accordingly dismissed these three on whose complaints the unfair labor practice charge before the Board was based.

After a careful examination of the record we conclude that there was substantial evidence to support the Board's order and it is accordingly

Enforced.